# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>F-SQUARED INVESTMENT MANAGEMENT, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-11469 (LSS)<br><br>(Jointly Administered) |
| CRAIG JALBERT, IN HIS CAPACITY AS TRUSTEE FOR F2 LIQUIDATING TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>STEPHEN ROBERTO,<br>MAUREEN BLACK,<br>KATIE BLACK,<br>NATHAN BLACK,<br>KAREN PALAORO,<br>REGINA PALAORO,<br>JOSEPH T. PALAORO III,<br><br>And Defendants listed on Schedules C and D<br><br>Defendants. | Re: D.I. 1123, 1125, 1126, 1130, 1131, 1132, 1133, 1135, 1136, 1137, 1139-*i*<br><br><br>Adv. No. 17-50868 (LSS)<br>Adv. No. 17-50852 (LSS)<br>Adv. No. 17-50847 (LSS)<br>Adv. No. 17-50857 (LSS)<br>Adv. No. 17-50846 (LSS)<br>Adv. No. 17-50860 (LSS)<br>Adv. No. 17-50805 (LSS)<br><br>And Adversary Proceedings listed on Schedules C and D |

## ORDER GRANTING IN PART AND
## DENYING IN PART MOTION TO STAY DISCOVERY

Upon consideration of the *Motion to Stay Discovery* [D.I. 53[2]] (the "Motion") filed by the defendants (the "Moving Defendants") in the above-captioned adversary proceedings; and the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: F-Squared Investment Management, LLC (9247), F-Squared Investments, Inc. (0788), F-Squared Retirement Solutions, LLC (9247), F-Squared Alternative Investments, LLC (9247), F-Squared Solutions, LLC (9247), Squared Institutional Advisors, LLC (9247), F-Squared Capital, LLC (5257), AlphaSector LLS GP 1, LLC (3342), and Active Index Solutions, LLC (0788). The Debtors' address is Verdolino & Lowey, P.C., 124 Washington Street, Suite 101, Foxboro, Massachusetts 02035, Attn: Craig R. Jalbert.

[2] As the dockets for the Moving Defendants' adversary proceedings differ slightly, docket references to these proceedings are to Adv. Pro. No. 17-50868. The Motion was also filed in the main bankruptcy case, No. 15-11469, at D.I. 1123.

joinders and limited joinders to the Motion[3] filed by defendants in the adversary proceedings listed at Schedule A hereto (the "Joining Defendants"); and the objection to the Motion[4] filed by Plaintiff Craig Jalbert in his capacity as trustee to the F2 Liquidating Trust (the "Trustee"); the limited objection to the Motion[5] filed by certain defendants in other adversary proceedings listed at Schedule B hereto (the "Objecting Defendants"); the Trustee's response[6] to the joinders in the Motion; and Moving Defendants' reply[7] to the Trustee's objection to the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Motion was due, adequate, and proper under the circumstances of these adversary proceedings, and it appearing that no other or further notice need be given; and the Court having conducted a hearing on June 18, 2018 (the "Hearing"), at which the Court considered that:

- The defendants in the adversary proceedings listed at Schedule C hereto (the "MTD Defendants") have filed motions to dismiss challenging, among other things, the sufficiency of the Trustee's allegations as to (a) insolvency, and/or (b) lack of reasonably equivalent value for bonus payments made to each such defendant (the "Specified Motions to Dismiss"), which are currently pending before this Court;

- The Trustee has entered into agreed scheduling orders (the "Scheduling Orders") with many of the MTD Defendants and with the additional defendants in the adversary proceedings listed on Schedule D hereto (the "Answering Defendants"), which Scheduling Orders fix certain dates for completion of written fact discovery, mediation, depositions, and/or expert discovery;

- ~~It would be most economical for all adversary proceedings subject to this order to proceed on a single timeline, to the extent possible;~~

---

[3] 15-11469 D.I. 1125, 1131, 1132, 1133, 1135, 1136.
[4] 15-11469 D.I. 1130.
[5] 15-11469 D.I. 1126.
[6] 15-11469 D.I. 1137.
[7] 15-11469 D.I. 1139.

2

IT IS HEREBY ORDERED THAT:

1. This Order shall apply to all adversary proceedings listed on Schedules C or D hereto.

2. To the extent Scheduling Orders have been entered in the adversary proceedings, the deadlines set forth in the Scheduling Orders for non-expert written fact discovery solely relating to (i) requests for document production and responses to such requests; (ii) production of documents in response to such requests; and (iii) requests for (and responses to such requests for) admissions ((i) through (iii), the "Non-Stayed Discovery") shall not be stayed in any of the adversary proceedings listed on Schedules C or D hereto, and shall proceed as previously ordered in the Scheduling Orders applicable to such adversary proceedings, and solely to such extent the Motion is denied.

3. Except for the Non-Stayed Discovery, which shall proceed in accordance with existing Scheduling Orders, all deadlines set forth in the Scheduling Orders in the adversary proceedings listed on Schedules C and D including, without limitation, those relating to the topics below are hereby stayed pending further order(s) of the Court:

    a) additional written discovery;

    b) depositions;

    c) mediations;

    d) expert discovery; and

    e) summary judgment motions, (topics (a) through (e), the "Stayed Discovery").

4. All other provisions of the Scheduling Orders shall remain effective, pending any further orders of the Court.

5. To the extent Scheduling Orders have not been entered in the adversary proceedings listed on Schedules C and D as of the date of this Order (such adversary proceedings, the "Unscheduled Actions"), all Stayed Discovery is stayed pending further orders of the Court, and the rights of the parties to the Unscheduled Actions are reserved with respect to scheduling deadlines for Non-Stayed Discovery.

6. At any time, any party may request further orders of the Court related to these matters, but before doing so, the parties shall confer regarding such further order.

Dated: July 9, 2018

/s/ Laurie Selber Silverstein
Honorable Laurie Selber Silverstein
United States Bankruptcy Judge